UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>_____<br><br>*This document applies to:*<br><br>RANDOLPH COUNTY, GEORGIA,<br><br>Plaintiff,<br><br>v.<br><br>PURDUE PHARMA, L.P.; PURDUE PHARMA, INC.; THE PURDUE FREDERICK COMPANY, INC.; RHODES PHARMACEUTICALS L.P.; RICHARD S. SACKLER; JONATHAN D. SACKLER; MORTIMER D.A. SACKLER; KATHE A. SACKLER; ILENE SACKLER LEFCOURT; BEVERLY SACKLER; THERESA SACKLER; DAVID A. SACKLER; TRUST FOR THE BENEFIT OF MEMBERS OF THE RAYMOND SACKLER FAMILY; ENDO HEALTH SOLUTIONS, INC.; ENDO PHARMACEUTICALS, INC.; PAR PHARMACEUTICAL, INC.; PAR PHARMACEUTICAL COMPANIES, INC.; JANSSEN PHARMACEUTICALS, INC.; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. N/K/A JANSSEN PHARMACEUTICALS, INC.; JANSSEN PHARMACEUTICA, INC. N/K/A JANSSEN PHARMACEUTICALS, INC.; JOHNSON & JOHNSON; NORAMCO, INC.; TEVA PHARMACEUTICAL INDUSTRIES, LTD.; TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.; ALLERGAN PLC F/K/A ACTAVIS PLC; ALLERGAN FINANCE, LLC, F/K/A ACTAVIS, INC., F/K/A WATSON PHARMACEUTICALS, INC.; WATSON LABORATORIES, INC.; ACTAVIS LLC; ACTAVIS PHARMA, INC. F/K/A WATSON | Case No. 1:17-MD-2804<br><br>Hon. Dan A. Polster<br><br>*Civil Action File No.: 1:19-op-45202*<br><br>**SHORT FORM FOR SUPPLEMENTING COMPLAINT AND AMENDING DEFENDANTS AND JURY DEMAND** |

| |
|---|
| PHARMA, INC.; MALLINCKRODT PLC; MALLINCKRODT LLC; SPECGX LLC; AMNEAL PHARMACEUTICALS, LLC; AMNEAL PHARMACEUTICALS, INC.; MYLAN PHARMACEUTICALS, INC.; MYLAN N.V.; SANDOZ, INC.; NOVARTIS AG; WEST-WARD PHARMACEUTICALS CORP. N/K/A HIKMA PHARMACEUTICALS USA INC.; HIKMA PHARMACEUTICALS PLC; AMERISOURCEBERGEN DRUG CORPORATION; CARDINAL HEALTH, INC.; MCKESSON CORPORATION; ANDA, INC.; J M SMITH CORPORATION; ASSOCIATED PHARMACIES, INC.; BLOODWORTH WHOLESALE DRUGS, INC.; CVS HEALTH CORPORATION; CVS TN DISTRIBUTION, LLC; THE KROGER CO.; KROGER LIMITED PARTNERSHIP I; KROGER LIMITED PARTNERSHIP II; RITE AID CORPORATION; RITE AID OF MARYLAND, INC. D/B/A RITE AID MID-ATLANTIC CUSTOMER SUPPORT CENTER; HARCO, INC. F/K/A HARCO DRUG, INC.; WALGREEN CO.; WALMART INC.; AND WAL-MART STORES EAST, LP.,<br><br>                                                  **Defendants.** |

Plaintiff submits this supplemental pleading and Amended Complaint incorporating as if fully set forth herein its own prior pleadings and, if indicated below, the common factual allegations identified and the RICO causes of action included in the Corrected Second Amended Complaint and Jury Demand in the case of *The County of Summit, Ohio, et al., v. Purdue Pharma L.P., et al.*, Case No. 1:18-op-45090 ("Summit County Pleadings"), In Re National Prescription Opiate Litigation, in the United States District Court for the Northern District of Ohio, Doc. ##: 513, 514,[1] and as may be amended in the future, and any additional claims asserted herein.

---

[1] Docket #: 513 is the redacted Summit Second Amended Complaint and Docket #: 514 is the unredacted Summit Corrected Second Amended Complaint filed under seal in Case No. 1:17-md-02804-DAP. The redacted Summit

Plaintiff also hereby amends its complaint to alter the defendants against which claims are asserted as identified below. To the extent defendants were previously sued in plaintiff(s)' existing complaint and they are no longer identified as defendants herein, they have been dismissed without prejudice except as limited by CMO-1, Section 6(e). Doc. #: 232.

## INCORPORATION BY REFERENCE OF EXISTING COMPLAINT

1. Plaintiff's Existing Complaint (No. 1:19-op-45202, Doc. #1) is expressly incorporated by reference to this Short Form as if fully set forth herein except to the extent that allegations regarding certain defendants that are not listed in section 2 below are dismissed without prejudice.

## PARTIES – DEFENDANTS

2. Having reviewed the relevant ARCOS data, Plaintiff asserts claims against the following Defendants:

*[List all Defendants against which claims are asserted. To the extent a claim is not asserted against a particular defendant, so indicate below. Otherwise each claim will be deemed to be asserted against all Defendants (except for the RICO claims identified below). If Defendants have not been sued previously in Plaintiff(s)' Existing Complaint, Plaintiff must include separate factual allegations below in support of each new defendant and must separately serve each newly named Defendant with notification of the specific ARCOS data that Plaintiffs claim supports the addition of this Defendant pursuant to the Court's Order Setting Procedure for Short Form Amendment of Complaints and Incorporation by Reference of Materials Under Seal]*

Purdue Pharma, L.P.; Purdue Pharma, Inc.; The Purdue Frederick Company, Inc.; Rhodes Pharmaceuticals L.P.; Richard S. Sackler; Jonathan D. Sackler; Mortimer D.A. Sackler; Kathe A. Sackler; Ilene Sackler Lefcourt; Beverly Sackler; Theresa Sackler; David A. Sackler; Trust for the Benefit of Members of the Raymond Sackler Family; Endo Health Solutions, Inc.; Endo Pharmaceuticals, Inc.; Par Pharmaceutical, Inc.; Par Pharmaceutical Companies, Inc.; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Johnson & Johnson; Noramco, Inc.; Teva Pharmaceutical Industries, Ltd.; Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Allergan plc f/k/a Actavis plc; Allergan Finance, LLC, f/k/a Actavis, Inc., f/k/a Watson Pharmaceuticals, Inc.; Watson Laboratories, Inc.; Actavis LLC; Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.; Mallinckrodt plc; Mallinckrodt LLC; SpecGx LLC; Amneal

---

Corrected Second Amended Complaint is also filed in its individual docket, Case No. 1:18-op-45090-DAP, Docket #: 24.

Pharmaceuticals, LLC; Amneal Pharmaceuticals, Inc.; Mylan Pharmaceuticals, Inc.; Mylan N.V.; Sandoz, Inc.; Novartis AG; West-Ward Pharmaceuticals Corp. n/k/a Hikma Pharmaceuticals USA Inc.; Hikma Pharmaceuticals plc; AmerisourceBergen Drug Corporation; Cardinal Health, Inc.; McKesson Corporation; Anda, Inc.; J M Smith Corporation; Associated Pharmacies, Inc.; Bloodworth Wholesale Drugs, Inc; CVS Health Corporation; CVS TN Distribution, LLC; The Kroger Co.; Kroger Limited Partnership I; Kroger Limited Partnership II; Rite Aid Corporation; Rite Aid of Maryland, Inc. d/b/a Rite Aid Mid-Atlantic Customer Support Center; Harco, Inc. f/k/a Harco Drug, Inc.; Walgreen Co.; Walmart Inc.; and Wal-Mart Stores East, LP.

I, Sara Schramm, Counsel for Plaintiff(s), certify that in identifying all Defendants, I have followed the procedure approved by the Court and reviewed the ARCOS data that I understand to be relevant to Plaintiff(s).

I further certify that, except as set forth below, each of the Defendant(s) newly added herein appears in the ARCOS data I reviewed.

I understand that for each newly added Defendant not appearing in the ARCOS data I must set forth below factual allegations sufficient to state a claim against any such newly named Defendant that does not appear in the ARCOS data.

The following newly added Defendant(s) do not appear in the ARCOS data I reviewed:

1. **Amneal Pharmaceuticals, Inc.**
2. **Mylan N.V.**
3. **Sandoz, Inc.**
4. **Novartis AG**
5. **Hikma Pharmaceuticals plc**
6. **The Kroger Co.**
7. **Kroger Limited Partnership I**
8. **Kroger Limited Partnership II**
9. **Rite Aid Corporation**
10. **Rite Aid of Maryland, Inc. d/b/a Rite Aid Mid-Atlantic Customer Support Center**
11. **Harco, Inc. f/k/a Harco Drug, Inc.**
12. **Walgreen Co.**
13. **Walmart Inc.**
14. **Wal-Mart Stores East, LP.**

**Dated:** _____  **Signed:** **/s/ Sara Schramm**

### FACTUAL ALLEGATIONS REGARDING INDIVIDUAL DEFENDANTS

2.1    Defendant Amneal Pharmaceuticals, Inc. is a Delaware corporation with its principal place of business in New Jersey.  Defendant Amneal Pharmaceuticals, LLC is a subsidiary of Defendant Amneal Pharmaceuticals, Inc.  At all relevant times, Amneal Pharmaceuticals, Inc. and Amneal Pharmaceuticals, LLC (collectively "Amneal") manufactured, marketed, and sold generic opioids, including generic oxycodone and hydrocodone, throughout the United States.  Amneal manufactured, marketed, and sold opioids throughout Georgia and Plaintiff's geographic area, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries.  Amneal is sued as a Marketing Defendant.

As a generic manufacturer, Amneal failed to effectively and adequately communicate warnings in the labels of their products to prescribers and users.  Amneal could have communicated the risks associated with the use of prescription opioid drugs through dear doctor or healthcare provider letters.  However, Amneal had a financial incentive not to communicate these warnings and risks and aggressively marketed its generic opioid products to drug distributors, prescription benefit managers, formularies, insurance companies, and other third parties to increase its own generic market share.  Moreover, in the manufacture and sale of its opioid products, Amneal failed to report suspicious orders in violation of its duties under the Controlled Substances Act and knowingly allowed widespread diversion to occur.  See 21 C.F.R. § 1301.71(a).

2.2    Defendant Mylan N.V. is a public company incorporated in the Netherlands with its principal offices in Hatfield, Hertfordshire, England, and U.S. headquarters in Canonsburg,

5

Pennsylvania. Defendant Mylan Pharmaceuticals, Inc. is a wholly-owned subsidiary of Defendant Mylan N.V. At all relevant times, Mylan N.V. and Mylan Pharmaceuticals, Inc. (collectively "Mylan") manufactured, marketed, and sold generic opioids, including fentanyl and oxycodone products, throughout the United States. Mylan manufactured, marketed, and sold opioids throughout Georgia and Plaintiff's geographic area, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. Mylan is sued as a Marketing Defendant.

As a generic manufacturer, Mylan failed to effectively and adequately communicate warnings in the labels of their products to prescribers and users. Mylan could have communicated the risks associated with the use of prescription opioid drugs through dear doctor or healthcare provider letters. However, Mylan had a financial incentive not to communicate these warnings and risks and aggressively marketed its generic opioid products to drug distributors, prescription benefit managers, formularies, insurance companies, and other third parties to increase its own generic market share. Moreover, in the manufacture and sale of its opioid products, Mylan failed to report suspicious orders in violation of its duties under the Controlled Substances Act and knowingly allowed widespread diversion to occur. See 21 C.F.R. § 1301.71(a).

2.3     Defendant Sandoz, Inc. is a Colorado corporation with its principal place of business in Princeton, New Jersey. Sandoz, Inc. is a subsidiary of Defendant Novartis AG. Defendant Novartis AG is a Swiss public company with its headquarters in Basel, Switzerland. At all relevant times, Novartis AG and Sandoz, Inc. (collectively "Sandoz") manufactured, marketed, and sold generic opioids, including fentanyl products, throughout the United States. Sandoz manufactured, marketed, and sold opioids throughout Georgia and Plaintiff's geographic area, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other

6

allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. Sandoz is sued as a Marketing Defendant.

As a generic manufacturer, Sandoz failed to effectively and adequately communicate warnings in the labels of their products to prescribers and users. Sandoz could have communicated the risks associated with the use of prescription opioid drugs through dear doctor or healthcare provider letters. However, Sandoz had a financial incentive not to communicate these warnings and risks and aggressively marketed its generic opioid products to drug distributors, prescription benefit managers, formularies, insurance companies, and other third parties to increase its own generic market share. Moreover, in the manufacture and sale of its opioid products, Sandoz failed to report suspicious orders in violation of its duties under the Controlled Substances Act and knowingly allowed widespread diversion to occur. See 21 C.F.R. § 1301.71(a).

2.4 Defendant Hikma Pharmaceuticals plc is a public limited company incorporated in England with its principal place of business in London. Defendant West-Ward Pharmaceuticals Corp. n/k/a Hikma Pharmaceuticals USA Inc. is a wholly-owned subsidiary of Defendant Hikma Pharmaceuticals plc. At all relevant times, West-Ward Pharmaceuticals Corp. n/k/a Hikma Pharmaceuticals USA Inc. and Hikma Pharmaceuticals plc (collectively "Hikma") manufactured, marketed, and sold generic opioids, including hydromorphone, oxymorphone, and methadone products, throughout the United States. Hikma manufactured, marketed, and sold opioids throughout Georgia and Plaintiff's geographic area, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. Hikma is sued as a Marketing Defendant.

As a generic manufacturer, Hikma failed to effectively and adequately communicate warnings in the labels of their products to prescribers and users. Hikma could have communicated

the risks associated with the use of prescription opioid drugs through dear doctor or healthcare provider letters.  However, Hikma had a financial incentive not to communicate these warnings and risks and aggressively marketed its generic opioid products to drug distributors, prescription benefit managers, formularies, insurance companies, and other third parties to increase its own generic market share.  Moreover, in the manufacture and sale of its opioid products, Hikma failed to report suspicious orders in violation of its duties under the Controlled Substances Act and knowingly allowed widespread diversion to occur.  See 21 C.F.R. § 1301.71(a).

      2.5    Defendant The Kroger Co. is an Ohio corporation with its principal place of business in Cincinnati, Ohio and registered to do business in Georgia.  Kroger operates over 2,200 pharmacies in the United States and conducts business as a licensed wholesale distributor under the following named business entities: Kroger Limited Partnership I and Kroger Limited Partnership II (collectively "Kroger").  Defendant Kroger Limited Partnership I is an Ohio limited partnership with its principal place of business in Cincinnati, Ohio.  Defendant Kroger Limited Partnership II is an Ohio limited partnership with its principal place of business in Cincinnati, Ohio.  At all relevant times, Kroger distributed prescription opioids throughout the United States. Kroger distributed opioids throughout Georgia and Plaintiff's geographic area, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries.  Kroger is sued as a Distributor Defendant and a National Retail Pharmacy Defendant.

      2.6    Defendant Rite Aid of Maryland, Inc. d/b/a Rite Aid Mid-Atlantic Customer Support Center is a Maryland corporation with its principal place of business located in Camp Hill, Pennsylvania.  Rite Aid of Maryland, Inc. d/b/a Rite Aid Mid-Atlantic Customer Support Center is a subsidiary of Defendant Rite Aid Corp.  Defendant Rite Aid Corporation is a Delaware

corporation with its principal place of business in Camp Hill, Pennsylvania. Rite Aid Corp., Rite Aid of Maryland, Inc. d/b/a Rite Aid Mid-Atlantic Customer Support Center, and their various DEA registrant subsidiaries and affiliated entities (collectively "Rite Aid"), conduct business as a licensed wholesale distributor and distribute prescription opioids throughout the United States. Rite Aid distributed opioids throughout Georgia and Plaintiff's geographic area, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. Rite Aid is sued as a Distributor Defendant and a National Retail Pharmacy Defendant.

2.7 Defendant Harco, Inc. f/k/a Harco Drug, Inc. ("Harco") is an Alabama corporation with its principal place of business in Tuscaloosa, Alabama. Defendant Rite Aid acquired Harco in 1997. Harco conducts business as a licensed wholesale distributor and distributes prescription opioids throughout the United States. Harco distributed opioids throughout Georgia and Plaintiff's geographic area, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. Harco is sued as a Distributor Defendant and a National Retail Pharmacy Defendant.

2.8 Defendant Walgreen Co. ("Walgreens") is an Illinois corporation with its principal place of business in Deerfield, Illinois and registered to do business in Georgia. Walgreens, through its various DEA registrant subsidiaries and affiliated entities, conducts business as a licensed wholesale distributor and distributes prescription opioids throughout the United States. Walgreens distributed opioids throughout Georgia and Plaintiff's geographic area, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations

incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. Walgreens is sued as a Distributor Defendant and a National Retail Pharmacy Defendant.

2.9 Defendant Wal-Mart Stores East, LP is a Delaware limited partnership with its principal place of business in Arkansas and registered to do business in Georgia. Wal-Mart Stores East, LP is a licensed wholesale distributor and does business as Wal-Mart Pharmacy Warehouse and Wal-Mart Pharmacy Warehouse #45 through its distribution centers in Rogers, Arizona and Tifton, Georgia. Defendant Wal-Mart Stores East, LP is a subsidiary of Walmart, Inc., formerly known as Wal-Mart Stores, Inc. Defendant Walmart Inc. is a Delaware corporation with its principal place of business in Arkansas and registered to do business in Georgia. Walmart, Inc., Wal-Mart Stores East, LP, and their various DEA registrant subsidiaries and affiliated entities (collectively "Walmart"), conduct business as a licensed wholesale distributor and distribute prescription opioids throughout the United States. Walmart distributed opioids throughout Georgia and Plaintiff's geographic area, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. Walmart is sued as a Distributor Defendant and a National Retail Pharmacy Defendant.

**COMMON FACTUAL ALLEGATIONS**

3. By checking the boxes in this section, Plaintiff hereby incorporates by reference to this document the common factual allegations set forth in the Summit County Pleadings as identified in the Court's Order implementing the Short Form procedure. Doc. #: 513, 514.

- ☒ Common Factual Allegations (Paragraphs 130 through 670 and 746 through 813)
- ☒ RICO Marketing Enterprise Common Factual Allegations (Paragraphs 814-848)
- ☒ RICO Supply Chain Enterprise Common Factual Allegations (Paragraphs 849-877)

10

4. If additional claims are alleged below that were not pled in Plaintiff's Existing Complaint (other than the RICO claims asserted herein), the facts supporting those allegations must be pleaded here. Plaintiff(s) assert(s) the following additional facts to support the claim(s) identified in Paragraph 6 below (below or attached):

4.1 In support of Plaintiff's fraud claim identified in Paragraph 6, Plaintiff refers to the factual allegations in Paragraphs 64-148 of Plaintiff's Complaint and Paragraphs 146-471 and 488-496 of the common factual allegations set forth in the Summit County Pleadings and incorporated in Plaintiff's Amended Complaint.

## CLAIMS

5. The following federal **RICO causes of action** asserted in the Summit County Pleadings as identified in the Court's implementing order and any subsequent amendments, Doc. **#: 513, 514,** are incorporated in this Short Form by reference, in addition to the causes of action already asserted in the Plaintiff(s)'s Existing Complaint (check all that apply):

☒ First Claim for Relief – Violation of RICO, 18 U.S.C. § 1961 et seq. – Opioid Marketing Enterprise (Against Defendants Purdue, Cephalon, Janssen, Endo and Mallinckrodt (the "RICO Marketing Defendants")) (Summit County Pleadings, Paragraphs 878-905)

☒ Second Claim for Relief – Violation of RICO, 18 U.S.C. § 1961 et seq. – Opioid Supply Chain Enterprise (Against Defendants Purdue, Cephalon, Endo, Mallinckrodt, Actavis, McKesson, Cardinal, and AmerisourceBergen (the "RICO Supply Chain Defendants")) (Summit County Pleadings, Paragraphs 906-938)

6. Plaintiff asserts the following **additional claims** as indicated below: None.

7. To the extent Plaintiff(s) wish(es) to **dismiss claims** previously asserted in Plaintiff(s)'s Existing Complaint, they are identified below and will be dismissed without prejudice. N/A.

11

WHEREFORE, Plaintiff(s) prays for relief as set forth in the Summit County Pleadings in In Re National Prescription Opiate Litigation in the United States District Court for the Northern District of Ohio, MDL No. 2804 and in Plaintiff's Existing Complaint as has been amended herein.

This 19th day of June, 2019.

**ATTORNEYS FOR PLAINTIFF**

*s/Sara Schramm*
Sara Schramm
Georgia Bar No. 141793
sschramm@bbga.com

*s/Henry G. Garrard, III*
Henry G. Garrard, III
Georgia Bar No. 286300
hgarrard@bbga.com

*s/Andrew J. Hill, III*
Andrew J. Hill, III
Georgia Bar No. 353300
ahill@bbga.com

*s/James B. Matthews, III*
James B. Matthews
Georgia Bar No. 477559
jmatthews@bbga.com

*s/ Josh B. Wages*
Josh B. Wages
Georgia Bar No. 730098
jwages@bbga.com

*s/ Patrick H. Garrard*
Patrick H. Garrard
Georgia Bar No. 134007
pgarrard@bbga.com

*s/Alexandra K. Hughes*
Alexandra K. Hughes
Georgia Bar No. 650696
ahughes@bbga.com

**BLASINGAME, BURCH, GARRARD & ASHLEY, P.C.**
P.O. Box 832
Athens, Georgia 30603
(706) 354-4000

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th day of June, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF Systems.

*/s/Sara Schramm*
Sara Schramm
Georgia Bar No. 141793
sschramm@bbga.com


BLASINGAME, BURCH, GARRARD & ASHLEY, P.C.
P.O. Box 832
Athens, Georgia 30603
(706) 354-4000